UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Kellie DesOrmeaux <br><br> Plaintiff, <br><br> v. <br><br> Greystone Alliance, LLC <br><br> Defendant. | Case No.  3:12-cv-35 <br><br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br> **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Monroe, GA at all times relevant to this action.

2. Defendant is a New York limited liability company that maintained its principal place of business in Getzville, NY at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to FIA Card Services, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around April 11, 2011, Defendant's agent or employee, named Josh, telephoned Plaintiff's sister ("Stephanie") and disclosed that Defendant was a debt collector calling in connection with the collection of the debt.

14. On or around April 11, 2011, Josh telephoned Plaintiff's mother-in-law ("Glenda") in connection with the collection of the debt. During this communication, Josh disclosed that they were calling from "Greystone Alliance" without being asked to identify Josh's employer. Josh then falsely represented that Glenda was listed as a contact with respect to the matter in question.

15. On or around April 11, 2011, one hour after Defendant's phone call to Glenda, Defendant's employee Ken Miller telephoned Glenda again in connection with the collection of the debt.

16. Defendant caused Plaintiff emotional distress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

19. In support hereof, Plaintiff incorporates paragraphs 13-14 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Defendant violated 15 U.S.C. §1692b3 by communicating with a third party in connection with the collection of the debt more than once.

21. In support hereof, Plaintiff incorporates paragraphs 14-15 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of the debt.

23. In support hereof, Plaintiff incorporates paragraphs 14 as if specifically stated herein.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

25. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By: /s/ Christopher L. Tang
    Christopher L. Tang, Bar # 936542
    225 Peachtree Street
    South Tower, Suite 1625
    Atlanta, GA 30303
    Telephone:  866-339-1156
    Email: ctang@maceybankruptcylaw.com
    Attorneys for Plaintiff